```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
KATRINA FULTON and DARNELL WALCOTT, on       :
behalf of themselves and all persons similarly situated,  :
                                                          :
                                    Plaintiffs,           :    ORDER
                                                          :
         -against-                                        :    20-CV-144 (WFK)(MMH)
                                                          :
CITY OF NEW YORK and NEW YORK CITY                        :
DEPARTMENT OF CORRECTION,                                 :
                                                          :
                                    Defendants.           :
                                                          :
------------------------------------------------------------------x
```

**MARCIA M. HENRY**, United States Magistrate Judge:

      Plaintiffs Katrina Fulton and Darnell Walcott brought this putative class action against Defendants City of New York and the New York City Department of Correction ("DOC"), alleging interference and retaliation under the Family and Medical Leave Act, 29 U.S.C. §§ 2601 *et seq*. ("FMLA"); disability discrimination based on disparate treatment and disparate impact under federal, state, and city law; and military status discrimination under city law. (*See generally* 2d Am. Compl. ("SAC"), ECF No. 17 ¶¶ 1–8.)[1] Plaintiffs seek to compel the production of certain information and records regarding DOC officers who have been designated "chronic absent" under DOC's Absence Control Policy and/or Sick Leave Policy, served in the military, and/or sought reasonable accommodations. (*See generally* ECF No. 45.) Defendants oppose the motion in part. (ECF No. 47.) The parties subsequently narrowed the disputed issues in a joint supplemental brief. (ECF No. 50.) For the reasons stated below, the motion is **granted in part and denied in part.**

---

[1] All citations to documents filed on ECF are to the ECF document number and pagination in the ECF header unless otherwise noted.

1

I. **RELEVANT BACKGROUND**

As alleged in the operative complaint, Plaintiffs are Corrections Officers employed by Defendants. (SAC ¶¶ 21, 23.) Defendants maintain the Policies applicable to all DOC uniformed members, including Plaintiffs. (*Id.* ¶¶ 34–35, 40.) Under the Absence Control Policy, an officer who reports sick on twelve or more days within a twelve-month period is classified as "chronic absent."[2] (*Id.* ¶ 41.) While an officer is designated as "chronic absent," they lose specific privileges and benefits, including but not limited to promotions, transfers, and access to voluntary overtime, and may be subject to termination. (*Id.* ¶¶ 45–47.) The Sick Leave Policy mandates that officers designated as "chronic absent" or who have reported sick more than eight days within a calendar year are restricted from leaving their homes outside a four-hour daily period determined by the Defendants and enforced through unannounced home visits. (*Id.* ¶¶ 48–49.)

Plaintiffs claim these policies discriminate against DOC officers like them who have chronic illnesses and who have served in the military, and therefore are more likely to have disabilities or injuries resulting from service. (*Id.* ¶¶ 6–7.) Both plaintiffs have been designated chronic absent under the Policies and have faced adverse consequences, including loss of pay and sick leave. (*Id.* at ¶¶ 88–90, 99–102.)

At a status conference on October 7, 2021, the parties advised the Court of a dispute regarding Plaintiffs' discovery requests for personal information about putative class members, including names, contact information, and documents relating to their disabilities. (Oct. 7, 2021 Minute Entry & Order.) The Court encouraged the parties to meet and confer and set a briefing schedule for a motion to compel if they could not resolve the dispute. (*Id.*) Plaintiffs moved to compel on October 28, 2021. (ECF No. 45.) Defendants opposed the motion. (ECF No. 47.) At

---

[2] Certain types of absences are excluded. (*Id.* ¶ 42.)

a discovery conference, the parties reported progress with negotiations to limit the discovery requests. (Dec. 14, 2021 Minute Entry & Order.) At the Court's request, the parties submitted a joint supplemental letter describing the remaining issues. (ECF No. 50.) At a second discovery conference, the parties presented further argument. (Dec. 6, 2022 Minute Entry & Order.)

## II.   DISCUSSION

### A.   Legal Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Once there is a showing of relevance, "then the party withholding discovery on the grounds of burden, expense, privilege, or work product bears the burden of proving the discovery is in fact privileged or work product, unduly burdensome and/or expensive." *Winfield v. City of New York*, No. 15-CV-05236 (LTS)(KHP), 2018 WL 716013, at *4 (S.D.N.Y. Feb. 1, 2018).

Discovery related to a class action is appropriate even before the class has been certified. *See Wal-Mart, Inc. v. Dukes*, 564 U.S. 338, 351 (2011) (finding that an analysis of the Rule 23 class action factors often overlap with questions of merit underlying the pleadings). Case law post *Dukes* "'emphasize[s] the importance of adjudicating a class motion only after class-related discovery is complete, discovery that often overlaps substantially with the merits.'" *Thompson v. Glob. Contact Servs., LLC*, No. 20-CV-651 (MKB)(SJB), 2021 WL 1103029, at *1 (E.D.N.Y. Feb. 16, 2021) (quoting *Chen-Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 299 (S.D.N.Y. 2012)). Pre-certification class discovery "must be conducted with an eye to relevance and proportionality and bear some relationship to the claims of the named Plaintiff." *Chow v. SentosaCare, LLC*, No. 19-CV-3541 (FB)(SJB), 2020 WL 559704, at *3 (E.D.N.Y. Jan. 23, 2020).

To be certified as a class, plaintiffs must demonstrate numerosity, commonality, typicality, and adequacy. Fed. R. Civ. P. 23(a). Therefore, "to obtain pre-certification discovery concerning

3

class issues, the plaintiff must show that such discovery would be relevant to her future motion for class certification." *Dupres v. Houslanger & Assocs., PLLC*, No. 19-CV-6691 (RPK) (SJB), 2021 WL 2373737, at *2 (E.D.N.Y. June 9, 2021) (cleaned up); *see Parker v. Time Warner Entertainment Co., L.P.*, 331 F.3d 13, 20–21 (2d Cir. 2003). As such, "the discovery permitted must be sufficiently broad in order that the plaintiffs have a realistic opportunity to meet the Rule 23(a) requirements; at the same time, the defendant must be protected from discovery which is overly burdensome, irrelevant, or which invades privileged or confidential areas." *Rahman v. Smith & Wollensky Rest. Grp., Inc.*, No. 06-CIV-6198 (LAK)(JCF), 2007 WL 1521117, at *3 (S.D.N.Y. May 24, 2007) (cleaned up).

### B. Analysis

Plaintiffs initially moved to compel production of names, job titles, contact information, and records of overtime work for all DOC uniformed officers who: (i) were "designated chronic absent;" (ii) "served in the military;" and (iii) "suffer from disabilities", including for the full statutory period. (*See* ECF No. 45 at 1–2.) Plaintiffs also demanded copies of DOC officers' complaints of discrimination based on the Policies. (*Id.* at 3.) Defendants responded to the discovery requests by providing the number of corrections officers who served in the military and the number of individuals who have been deemed eligible for chronic absent status. (ECF No. 47 at 1-2). Defendants otherwise objected to the demands based on privacy concerns with providing protected health information and undue burdens of production. (ECF No. 47 at 2-3.)

In their joint submission, Plaintiff withdrew the request for contact information, instead seeking only names but adding requests for dates of employment and dates of chronic absent status. (ECF 50 at 1-2.) Defendants maintained their objections to providing names and other identifying

4

information, but agreed to include all DOC uniformed members in their discovery responses. (ECF No. 50 at 3.)

Plaintiffs have demonstrated that the requested discovery is relevant to class certification. *Dupres*, 2021 WL 2373737, at *2. Plaintiffs contend that Defendants, through the Policies, subjected them to disparate treatment and disparate impact related to their disabilities and military status. (SAC ¶¶ 198–222, 223–30, 247–54.) Plaintiffs seek the information to determine the members of the proposed class and subclass. The requested information is relevant to show which other DOC officers with disabilities and/or military service suffered common harms sufficient to comprise a representative class. The overtime reports will allow Plaintiffs to determine whether the Policies caused DOC officers to lose voluntary overtime, part of the damages alleged in the SAC. (SAC ¶¶ 186, 189, 194, 197, 201, 205, 210, 214, 218, 222, 226, 230, 234, 238, 242, 246, 250, 254.) Plaintiffs bear this burden on class certification and therefore is entitled to discovery to make the appropriate determinations.

Defendants argue that identifying and health information regarding putative class members is subject to privacy protections under numerous state and federal laws. (*See* ECF No. 47 at 2.) However, it is well settled that courts are empowered to compel the production of documents that are designated as confidential by statute. *Romano v. SLS Residential Inc.*, 298 F.R.D. 103, 115 (S.D.N.Y. 2014) (holding that neither state nor federal law barred the Court from compelling production of documents pursuant to an appropriate confidentiality order where "records of treatment of the class members are plainly essential"). Moreover, "this case poses a unique circumstance where it is clearly desirable that the confidential information be disclosed given that Plaintiffs seek this information for purposes of vindicating the rights of the non-parties, rather than using the information against them in some way." *M.G. v. Cuomo*, No. 19-CIV-639 (CS)(AEK),

2022 WL 16857177, at *4 (S.D.N.Y. Oct. 14, 2022) (cleaned up).  Finally, the Court entered a Confidentiality Order restricting access to sensitive personal data, which further mitigates the risk of invading privacy.  (Apr. 30, 2021 Order, ECF No. 36.)[3]

Defendants further argue that the requested identifying information is not relevant to class certification, and insist that numbers of individuals in each category are sufficient.  (ECF No. 50 at 3–4; ECF No. 47 at 2–3.).  This objection appears related primarily to the request for contact information, which Plaintiffs have withdrawn.  Defendants also seem to suggest that Plaintiffs cannot meet their burden for class certification with the requested discovery.  (*See* ECF No. 47 at 2–3 ("Defendants do believe that Plaintiffs have a commonality problem[.]").)  At this stage, however, Plaintiffs are not required to show that they will succeed on their certification motion in order to obtain discovery regarding putative class members.  *Thompson*, 2021 WL 1103029, at *1.

Finally, Defendants assert that Plaintiffs' revised requests still are not proportional to the needs of this case, especially in light of the burden in producing the information.  (ECF No. 47 at 3; ECF No. 50 at 3, 5.)  The Court is sensitive to this burden, particularly for municipal defendants.  *See* Fed. R. Civ. P. 26(b)(1).  The parties' meet and confers, along with discussions with this Court, have narrowed the discovery requests in part.  (*See* ECF No. 59 at 17:8–12; ECF No. 50 at 3.)  But the Court agrees with Defendants that Plaintiffs' revised demands have shifted to include information not previously requested and more vague terms, thus increasing the burden to Defendants.  (ECF No. 50 at 5.)

Accordingly, as set forth below, further narrowing of the requests is warranted to balance Plaintiffs' need for class discovery with the burden to Defendants.  *See, e.g.*, *Chow*, 2020 WL

---

[3] Plaintiffs also suggested that they would be amenable to additional restrictions beyond the Confidentiality Order.  (ECF No. 48 at 36:13–16.)

559704, at *3; *Rahman*, 2007 WL 1521117, at *3.  For example, the Court will not compel production of job titles or dates of employment.  Plaintiffs allege, and Defendants agree in part, that the relevant policies apply to nearly all members of DOC uniformed forces.  (*See* SAC ¶ 35; ECF No. 50 at 3 n.3.)  Absent further justification from Plaintiffs for the information, specific distinctions between job titles is irrelevant.  Further, dates of employment, which were not included in the initial discovery requests, may precede January 1, 2017, the start date of the relevant time period, rendering them irrelevant as well.  Plaintiff provides no clear basis for including them.  (*See* ECF No. 59 at 14:20–15:12.)

Based on the foregoing, the Court rules as follows:

(1) <u>Chronic Absent List</u>:  In response to Revised Interrogatory No. 9, for each officer classified as "chronic absent" under the Absence Control Policy from January 1, 2017 through October 14, 2021 (the date of the initial interrogatory), Defendants shall produce the name and date(s) of "chronic absent" status.  In lieu of producing names, Defendants may redact the names and replace them with a means to identify the records unique to each person—for example, a pseudonym or identifying numbers and/or letters.  If an individual appears on more than one list, the same identifier should be used across lists.  Defendants shall also produce overtime reports for these officers in response to Revised Request for Production ("RFP") No. 88.

(2) <u>Alleged Disability Lists</u>: In response to Revised Interrogatory No. 15, for each officer who requested a reasonable accommodation for a disability, medical condition, or injury (as alleged by the requestor) from January 1, 2017 through October 14, 2021, Defendants shall produce the name and the requestor's stated reasons for seeking accommodation.  As described above, Defendants may redact or remove names as long as the records include consistent identifiers

7

unique to each person. Defendants shall also produce overtime reports for these officers in response to Revised RFP No. 88.

Defendants need not respond to Revised RFP No. 46 as written because it is plainly overbroad and not proportional to the needs of the case. RFP No. 46 seeks, for each officer identified in response to Interrogatory 15, "all documents, communications, and electronically stored information concerning any requests(s) for an accommodation relating to any alleged disability, medical condition, or injury, or military service" (ECF No. 50-1 at 2.) Plaintiffs offer no justification for seeking *all* documents related to accommodation requests, which could encompass every single piece of paper in every requestor's file. Further, other than conforming the RFP to seek the same information as requested in related Interrogatory No. 15, there is no true "narrowing" of this request. As Plaintiffs acknowledge, the relevant information they seek is each officer's stated reasons for requesting an accommodation. (*See* ECF No. 48 at 34:20–25.) Responses to Revised Interrogatory No. 15 provide that information. The Court will consider a truly narrowed request if Plaintiffs choose to propose one.[4]

(3) <u>Military Status Class List</u>: In response to Revised Interrogatory No. 12, Defendants shall produce the name of each officer who was a member of the U.S. Armed Forces from January 1, 2017 through October 14, 2021. As described above, Defendants may redact or remove names

---

[4] Assuming Plaintiffs propose a narrowed document request, the Court would likely impose further restrictions to mitigate the burden of production, such as directing the parties to devise a sampling methodology and to produce a 10 percent sample. *See, e.g.*, *Dupres*, 2021 WL 2373737, at *3 ("The Court concludes that such sampling adequately balances the needs of the Plaintiffs for such documents against the burden imposed by having to produce all client files.").

as long as the records include consistent identifiers unique to each person.  Defendants shall also produce overtime reports for these officers in response to Revised RFP No. 88.

(4) <u>Prior Complaints</u>: As stated at the December 6, 2022 status conference, the Court does not need to compel production of prior EEO complaints.  The parties advised that the dispute is resolved and the Court already ordered production of the agreed-upon documents by January 9, 2023.  (*See* ECF No. 50 at 6; ECF No. 59 at 18:8–19:16.)

Before any of the documents or information is produced, the parties shall meet and confer regarding Plaintiffs' proposals for search and production described in the parties' joint letter.  (*See* ECF No. 50 at 3, 5.)

### III.  CONCLUSION

The motion to compel at ECF No. 45, as supplemented at ECF No. 50, is **granted in part and denied in part**.  The parties shall appear at the previously scheduled status conference on January 11, 2023 at 12:15 p.m. to discuss an amended discovery schedule and implementation of this Order.

**SO ORDERED.**

Brooklyn, New York
January 9, 2023

/s/Marcia M. Henry
MARCIA M. HENRY
United States Magistrate Judge