UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
KATRINA FULTON and DARNELL WALCOTT,
on behalf of themselves and others similarly situated,

                Plaintiffs,

        -against-

CITY OF NEW YORK,

                Defendant.
-------------------------------------------------------------------x

**MEMORANDUM & ORDER**
1:20-cv-00144 (OEM) (MMH)

**ORELIA E. MERCHANT, United States District Judge:**

Plaintiffs Katrina Fulton ("Fulton") and Darnell Walcott ("Walcott") (together, "Plaintiffs") have filed this putative class action against defendant the City of New York ("Defendant" or the "City") asserting claims under, *inter alia*, the New York Labor Law ("NYLL") § 215 ("NYLL § 215" or "§ 215").[1] *See* Third Amended Compl. ("TAC"), ECF 84.

Plaintiffs allege that the New York City Department of Correction's ("DOC") Sick Leave Regulations for Members of the Uniformed Force ("Sick Leave Regulations") and Absence Control/Uniformed Sick Leave Policy ("Absence Control Policy") (together, the "Leave Policies") discriminate against them, and others similarly situated, based on alleged disabilities and/or military status and/or FMLA eligibility. Relevant to this motion, Walcott also alleges that he was subject to employment retaliation in violation of NYLL § 215. The City now moves to dismiss all claims arising under NYLL § 215, pursuant to Federal Civil Procedure Rule 12(b)(6) for failure to state a claim. For the reasons below, the City's motion is **GRANTED,** and Walcott's NYLL § 215 claims are **DISMISSED**.

---

[1] Plaintiffs also allege violations of the: (1) Family and Medical Leave Act, 29 U.S.C. §§ 2601, et seq. ("FMLA"); (2) Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq. ("ADA"); (3) Rehabilitation Act, 29 U.S.C. §§ 701, et seq. ("Rehab Act"); (4) New York State Human Rights Law, N.Y. Exec. Law §§ 290, et seq. ("SHRL"); (5) New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101, et seq. ("CHRL").

1

**BACKGROUND**

At all times relevant to Plaintiffs' claims, Fulton and Walcott were Corrections Officers ("COs") employed by DOC and subject to the DOC's Leave Policies. TAC ¶¶ 63, 23, 95. Plaintiffs allege that they, and other similarly situated COs, were designated as "chronically absent" under the Leave Policies for taking sick leave due to various ailments and as a result, lost valuable privileges including access to volunteer overtime. Further, Walcott alleges the DOC retaliated against him and a putative class of plaintiffs for assessing them as "chronically absent" for taking 12 or more days of leave that were protected under the FMLA. *See id.* ¶¶ 259-65; *see also* ¶¶ 210-17. Walcott specifically contends that the designations also constitute retaliatory actions prohibited by NYLL § 215. *Id.* ¶¶ 162-165

Plaintiffs initiated this suit as a putative class action on January 7, 2020. *See* Complaint, ECF 1. Plaintiffs filed a First Amended Complaint on April 27, 2020 and a Second Amended Complaint ("SAC") on June 9, 2020. *See* Amended Complaint, ECF 12; Second Amended Complaint, ECF 17. These complaints both named the DOC as a defendant.

On August 21, 2020, the City and the DOC filed a motion to dismiss the SAC. *See* First Motion to Dismiss (the "First MTD") for Failure to State a Claim, ECF 20. On March 15, 2021, the Court (Kuntz, J.) issued a decision and order partially granting and partially denying the motion to dismiss. *See* Motion to Dismiss Memorandum and Order ("M&O"), ECF 26. Specifically, the M&O dismissed only those claims as brought against the DOC, which is a non-suable entity; the M&O denied dismissal as to the rest of the claims as against the remaining defendant, the City. *See generally id.*

On July 14, 2023, Judge Kuntz granted Plaintiffs leave to file a Third Amended Complaint, which Plaintiffs filed the following day. *See* TAC. The case was then reassigned to the

undersigned on July 14, 2023, and a briefing schedule for the City's partial motion to dismiss as to the NYLL § 215 claims was subsequently set on September 9, 2023. The City filed a memorandum in support of its motion to dismiss ("City's Memo"), ECF 98, and a reply memorandum ("Reply"), ECF 101, and Plaintiffs filed opposition to the City's motion ("Pl. Opp. Memo"), ECF 101.

## STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Therefore, the Court "must accept as true the complaint's factual allegations and draw all inferences in the plaintiff's favor." *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006) (internal quotation marks omitted). Nonetheless, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678.

## DISCUSSION

The City raises a variety of legal arguments it contends bar Walcott's NYLL § 215 claim against the City from proceeding, including that: (1) NYLL § 215 does not apply to the City; (2) NYLL § 215 is not retroactive; (3) Walcott's claims under NYLL § 215 are barred by failure to file a notice of claim; and (4) Walcott's claims under NYLL § 215 are time-barred. City Memo at 11-15. Finally, the City also contends that, notwithstanding these arguments, Walcott's allegations in the TAC fail to make out a retaliation claim under § 215. Reply at 5-7. However, because the Court finds that NYLL § 215 is inapplicable to the City as a matter of law, "[t]he Court therefore

need not address Defendants' multiple other arguments in support of dismissal." *Bar-Mashiah v. Inc. Vill. of Hewlett Bay Park*, No. CV 18-4633 (AKT), 2019 WL 4247593, at *12 (E.D.N.Y. Sept. 6, 2019)

NYLL § 215(1)(a) states that "[n]o employer or his or her agent, or the officer or agent of any corporation, partnership, or limited liability company, or any other person, shall . . . retaliate against any employee." NYLL § 215(1)(a). The statute also provides a liability carveout for "employees of the state or any municipal subdivisions or departments thereof."[2] *Id.* § 215(1)(c).

Plaintiffs allege that the City is a "municipal corporation that controls and oversees, *inter alia*, DOC and operation of all prisons and jails throughout its five boroughs." TAC ¶ 25. The New York Court of Appeals had explained that "[c]onstitutionally as well as a matter of historical fact, municipal corporate bodies—counties, towns and school districts—are merely s*ubdivisions of the State*, created by the State for the convenient carrying out of the State's governmental powers and responsibilities as its agents."[3] *City of New York v. State*, 86 N.Y.2d 286, 289–90 (N.Y. 1995) (emphasis added); *accord In re World Trade Ctr. Lower Manhattan Disaster Site Litig.*, 846 F.3d 58, 63 (2d Cir.) (subsequent procedural history omitted); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village.").

---

[2] In full, § 215(c) reads: "This section [*i.e.*, NYLL § 215] shall not apply to employees of the state or any municipal subdivisions or departments thereof." *Id.* In this action, Plaintiffs have not sued New York State itself, only the City.
[3] The Supreme Court has also long recognized this basic precept of municipal law: "A city is a municipal corporation and a political subdivision of the state, and what the state could do itself, it has the power to direct its agent, the municipality, to do." *Guthrie Nat. Bank v. City of Guthrie*, 173 U.S. 528, 535–36 (1899); *see Barnes v. D.C.*, 91 U.S. 540, 544 (1875) ("A municipal corporation, in the exercise of all of its duties, including those most strictly local or internal, is but a department of the State. The legislature may give it all the powers such a being is capable of receiving, making it a miniature State within its locality."); *City of Trenton v. State of New Jersey*, 262 U.S. 182, 187 (1923) ("A municipality is merely a department of the state, and the state may withhold, grant or withdraw powers and privileges as it sees fit. However great or small its sphere of action, it remains the creature of the state exercising and holding powers and privileges subject to the sovereign will.").

Here, it is undisputed that New York City, which is governed by its own charter, *see* N.Y.C. Charter § 1 *et seq.*,[4] is a municipal corporation of New York State.[5] It necessarily follows that the City is a "municipal subdivision" of the "state" as a contemplated under § 215(1)(c) and thus exempted from liability for NYLL § 215(1)(a) violations. *See, e.g.*, *Warmbier v. City of N.Y.*, No. 710224/22, 2023 N.Y. Misc. LEXIS 13531, at *8 (Sup. Ct. Aug. 1, 2023) (dismissing former NYPD employee's NYLL § 215 claims against her employer, the City).

The Court briefly addresses two other issues raised by the parties' briefing on this issue. First, the parties' sparring over the issue of whether the City is a "political subdivision," and thus not exempted from § 215(a)'s reach, is misplaced. Opposition at 9-10; Reply at 9-10. As *Guthrie* makes clear, a city can be – and New York City indeed is – *both* a "municipal corporation *and* a political subdivision of the state." 173 U.S. at 535–36. Thus, it is irrelevant that the City may be considered a political subdivision in some contexts because in all cases it remains a municipal subdivision of New York state. *Cf. City of New York*, 86 N.Y.2d at 289 ("Th[e] general incapacity [for a City] to sue [it's state] flows from judicial recognition of the juridical *as well as* political relationship between those entities and the State.") (emphasis added).

Second, none of Plaintiffs' authorities are helpful to their cause. All three cases relied upon involve a defendant that was a public benefit corporation and concerned the issue of whether, as

---

[4] While many cities in New York state were created by virtue of a legislative enactment, "[t]he first State Constitution, adopted in 1777, recognized the existing charters of New York [City] and Albany . . ." NY.gov, *City Government*, https://perma.cc/D35J-8ELX (last visited Jan. 17, 2024).

[5] *See Castellano v. Bd. of Trustees of Police Officers' Variable Supplements Fund*, 937 F.2d 752, 754 (2d Cir. 1991) ("The City of New York [] is a municipal corporation of the State of New York."); *Iannucci v. City of New York*, No. CV-02-6135 (CPS), 2007 WL 879628, at *1 (E.D.N.Y. Mar. 21, 2007) ("The City of New York is a municipal corporation organized under the laws of the State of New York."); *Hennessy v. City of Long Beach*, 258 F. Supp. 2d 200, 202 (E.D.N.Y. 2003) ("The City is a governmental subdivision and a municipal corporation of the State of New York"); *Cummings v. City of New York,* No. 19-CV-7723 (CM)(OTW), 2020 WL 882335, at *2 (S.D.N.Y. Feb. 24, 2020) ("Defendant City of New York is a domestic municipal corporation located in and established pursuant to the laws of the State of New York."); *see also Walls v. City of New York*, 156 F. Supp. 3, 5 (E.D.N.Y. 1957) ("A municipal subdivision of a state, such as a county, city, town or school district, having a separate corporate entity, is a citizen of that state for purposes of determining diversity of citizenship.").

such, they were a non-exempt *political* subdivision of the state, *not* a municipal subdivision. In both *Humphreys v. N.Y.C. Health & Hosps. Corp.*, 16-CV-9707 (VSB), 2018 WL 3849836, at *6 (S.D.N.Y. Aug. 10, 2018), and *Day v. Summit Sec. Servs. Inc.*, 53 Misc. 3d 1057, 1064, 38 N.Y.S.3d 390, 396 (N.Y. Sup. Ct. 2016), *aff'd*, 159 A.D.3d 549, 72 N.Y.S.3d 88 (2018), plaintiffs sued the City's Health and Hospitals Corporation ("HHC").[6] In both cases the HHC claimed that because it was a "political subdivision" under other New York labor statutes it could also avoid liability under the § 215(1)(c) carveout. In both cases, the courts concluded that "regardless of whether HHC is considered a political subdivision or not, it is not an exempt entity under § 215 because [HHC] does not constitute a state or municipal subdivision," which are the only listed exemptions in the statute. *Humphreys*, 2018 WL 3849836, at *6; *Day*, 53 Misc. 3d at, 1064-65 ("As such, HCC—whether it is a political subdivision or not—is not an exempt entity from Labor Law § 215 because the exemption applies to 'state or any municipal subdivisions or departments thereof.' As such, HHC does not benefit from the exemption under Labor Law § 215."). Plainly, neither *Humphreys* nor *Day* has any bearing to the facts of this case as only the City, a municipal subdivision of New York state, has been sued.

Similarly, in *Rubin v. N.Y. City Bd. of Educ.*, a school occupational therapist sued the City's Board of Education ("DOE")—not the City itself—for, among other claims, violations of § 215(c). *See* 20-CV-10208(LGS)(KHP), 2023 WL 1972729, at *20-21 (S.D.N.Y. Jan. 6, 2023), *report and recommendation adopted*, No. 20 CIV. 10208 (LGS), 2023 WL 2344731 (S.D.N.Y. Mar. 3, 2023) (subsequent procedural history omitted); Opp. at 9. The court noted that while the DOE was indeed a "political subdivision," that fact did not help plaintiff because § 215(c) did "not have exemptions

---

[6] "HHC is a public benefit corporation." *Ingrassia v. Health & Hosp. Corp.*, 130 F. Supp. 3d 709, 716 (E.D.N.Y. 2015) (citing N.Y. Unsonsol. Laws §§ 7384(1), 7385(1), 7401).

for 'political subdivisions' such as the DOE." *Id.* at *21. Rather, the court went on to conclude that the plaintiff's § 215(c) retaliation claim failed as a matter of pleading. *See id.* ("As to Plaintiff's NYLL § 215 claims, these fail for a different reason: the SAC has failed to state any such claims."). In sum, *Rubin* involved a political subdivision defendant and not the City itself and, further, was resolved on the merits for failure to state a claim. As such, it is of no import to the Court's conclusion here. Lasty, the Court notes, like the court in *Day*, "[e]mployees of state and municipal subdivisions or departments have other remedies against their employers" *Day*, 53 Misc. 3d at 1064 (citing Civil Service Law § 75–b; Labor Law § 27–a ).

## CONCLUSION

For the reasons above, NYLL § 215 does not allow either Walcott, or others similarly situated, to maintain NYLL § 215 claims against the City. Accordingly, Walcott's NYLL § 215 claims against the City are dismissed.

**SO ORDERED.**

/s/ Orelia E. Merchant
ORELIA E. MERCHANT
United States District Judge

February 27, 2024
Brooklyn, New York